# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                  CASE NO: 3:18-cr-207-J-32PDB

JORDAN FREDERIC SCHEMMEL        ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Jordan Schemmel is a 39-year-old inmate incarcerated at Jesup FCI, serving a 110-month term of imprisonment for the knowing distribution of child pornography. (Doc. 53, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on August 8, 2027. Defendant seeks compassionate release because of the Covid-19 pandemic and because he suffers from morbid obesity, hypertension, sleep apena, high cholesterol, gastroesophageal reflux disease, anxiety, and major depressive disorder. (Doc. 58, Motion).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The record indicates that Defendant has a body mass index (BMI) of 45.5, and as such, he is considered morbidly obese. (See Doc. 67-5).[1] The record indicates that he has hypertension as well. (Id.). According to the CDC, obesity is an underlying condition that increases the risk of severe illness from Covid-19, and hypertension is a condition that may increase the risk of serious infection.[2] The warden of Defendant's facility denied his request for compassionate release, writing:

> You do not meet the criteria for Compassionate Release/ Reduction in Sentence based on sections 571.61(3)(a), Terminal Medical Condition, and 571.61(3)(b), Debilitated Medical Condition. You are currently classified as a medical care level 2 with no medical restrictions. However, you do meet the CDC criteria for people at high risk for severe COVID infection. According to the FCI Jesup Health Services Department, you have a documented BMI of 45.5 and a current diagnosis of hypertension. On August 3, 2020, you were referred for home confinement under the CARES Act as an exception case. On

---

[1]   The Centers for Disease Control (CDC) classify a BMI of 40 or greater as "severe" or "extreme" obesity. https://www.cdc.gov/obesity/adult/defining.html.

[2]   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

2

>August 10, 2020, the Federal Bureau of Prisons, Central Office, Exception Case Review Committee denied your referral for home confinement.
>
>The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence. Accordingly, your request is denied at this time.

(Doc. 67-5).

The Court assumes that Defendant's condition of severe obesity, as measured by a BMI of greater than 40, is a serious physical condition that qualifies him for compassionate release in light of Covid-19.[3] Nevertheless, the sentencing factors under 18 U.S.C. § 3553(a) do not warrant a reduction in sentence.[4] Defendant was convicted of knowingly distributing child pornography. Defendant engaged in online discussions about exchanging videos of sexual exploitation with the same person he believed to be the father and abuser of a nine-year-old child. (Doc. 40, Plea Agreement at 19-20). Defendant received guidelines enhancements for distributing material

---

[3] The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

[4] The Court notes that despite his conditions, Defendant's relatively young age may confer some protection against severe infection from Covid-19. His blood pressure is controlled through medication (lisinopril, 10 mg). (Doc. 68-1 at 4). Additionally, Jesup FCI currently reports zero inmates positive for Covid-19, 19 staff members positive, 241 inmates recovered, three staff members recovered, and only one inmate death. https://www.bop.gov/coronavirus/. Last accessed October 22, 2020.

involving prepubescent minors, distributing material in exchange for valuable consideration (but not for pecuniary gain), distributing material portraying sadistic or masochistic conduct, using a computer to distribute child pornography, and for possessing 102 still images and 28 videos, or the equivalent of 2,202 images. (Doc. 45 at ¶¶ 27-31; Doc. 54, Statement of Reasons at § I.B.1). Defendant's advisory sentencing guidelines range was a term of 210 to 240 months in prison, based on a total offense level of 37 and a Criminal History Category of I. (Doc. 45 at ¶ 76). Defendant benefited from a substantial downward variance when the Court imposed a sentence of 110 months in prison, more than eight years below the guidelines range.

Defendant, who was remanded into custody after sentencing, has served only about one year of his 110-month prison sentence. The Court recognizes that Defendant has struggled with anxiety and depression, and the Court commends him for seeking psychosexual counseling. (See Doc. 67, Reply at 24-25). However, in view of all the § 3553(a) factors, and after complete review of the record, further reducing Defendant's sentence to time served would not be consistent with the statutory purposes of sentencing at this time.

Accordingly, Defendant Jordan Schemmel's Motion for Compassionate Release (Doc. 58) is **DENIED**.[5] Defendant's Motion to Appoint Counsel (Doc. 60) is likewise

---

[5] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).

**DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of October, 2020.

*[signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Defendant